UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MR. ROOTER LLC,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. 6:19-CV-42 |
| MTCH SERVICE EXPERTS CORP and<br>MICHAEL DOUGLAS HORN,<br>*Defendants* | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Mr. Rooter LLC ("Plaintiff" or "Mr. Rooter"), brings this action against Defendants MTCH Service Experts Corp ("MTCH") and Michael Douglas Horn ("Horn") (collectively, "Defendants"), seeking monetary damages, as well as injunctive relief (i) enjoining Defendants from (a) continuing to operate a competitive business in the franchise territory, in violation of the franchise agreement executed by the parties; (b) misusing of Mr. Rooter's proprietary trademarks; and (ii) requiring Defendants to submit to an audit of the franchise books and records.

## PARTIES

1. Mr. Rooter LLC is a limited liability company organized under Texas law with its principal place of business in Waco, Texas.

2. Upon information and belief, Defendant MTCH Service Experts Corp is a Pennsylvania corporation with an address of 7054 Tuscany Drive, Macungie, PA 18062. Defendant can be served by and through its president, Michael Douglas Horn, who can be located at 7054 Tuscany Drive, Macungie, PA 18062.

3. Upon information and belief, Defendant Michael Douglas Horn is an individual citizen and resident of Pennsylvania with an address of 7054 Tuscany Drive, Macungie, PA 18062.

4. Defendant Horn personally guaranteed all of the contractual obligations herein and,

upon information and belief, is the moving, active and conscious force behind the misconduct alleged herein, and both authorized and approved MTCH's misconduct.

## JURISDICTION AND VENUE

5. This action arises under, *inter alia*, the federal Lanham Act, 15 U.S.C. § 1051 *et seq*. Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. § 1331 and supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a). Alternatively, jurisdiction is founded on diversity of citizenship and amount in controversy. Plaintiff is a limited liability company formed under Texas law with its principal place of business in Texas. It is a Texas resident. Defendants are Pennsylvania citizens. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial number of events giving rise to the claims asserted in the Complaint occurred in this District and have caused Mr. Rooter harm in this district. Mr. Rooter and Defendants entered into agreements in this district wherein they agreed to venue in this district. Defendants agreed to this forum as the exclusive venue to resolve disputes in Section 13.3 of the Franchise Agreement, attached as Exhibit A.

7. Defendants are subject to personal jurisdiction in the District and Division to which this action has been assigned. Defendants purposefully availed themselves to Texas by executing the contract which is the subject of dispute in Waco, Texas, signing the Confidentiality Agreement, traveling to Waco for franchisee training and sending money to Texas to pay license fees. Defendants also have such other contacts with Texas to render the exercise of jurisdiction over them by a Texas federal court consistent with traditional notices of fair play and substantial justice.

## FACTS COMMON TO ALL CLAIMS

8. Mr. Rooter has grown into a large, successful franchise plumbing business since its humble beginnings as a small Oklahoma drain cleaning business almost 50 years ago. Today, there

are hundreds of Mr. Rooter franchises in the United States, which devote millions to promote the name "Mr. Rooter." More than $49 million has been spent on Mr. Rooter advertising since 2005.

9. Mr. Rooter owns the following trademarks:

| Trademark Name | Registration Number | Date Registered | Class Description | Design (if any) |
|---|---|---|---|---|
| Mr. Rooter | 0933403 | May 2, 1972 | Sewer and drain cleaning services | None. |
| Mr. Rooter (and design) | 0982684 | Apr 23, 1974 | Sewer and drain cleaning services. | |
| Mr. Rooter (stylized) | 3722155 | Dec 8, 2009 | Commercial and residential plumbing, sewer, grease trap and drain cleaning services. | |
| Mr. Rooter (stylized) | 1964249 | Mar 26, 1996 | Sewer and drain cleaning services. | |
| Mr. Rooter Plumbing (and design) | 3684983 | Sep 22, 2009 | Commercial and residential plumbing, sewer, grease trap and drain cleaning services. | |
| Mr. Rooter Mr. Rooter Plumbing (and design) | 3733777 | Jan 5, 2010 | Commercial and residential plumbing, sewer, grease trap and drain cleaning services. | |

10. Over the years, the Mr. Rooter brand has developed valuable goodwill, including a strong and well-known reputation for quality, value and reliability, brand recognition and a loyal customer base. Franchisees, like Defendants, benefit not only from Mr. Rooter's brand recognition,

trademarks, and goodwill, but from a well-established and proven business model. As a result, Mr. Rooter franchisees, including Defendants, are spared the inherent risks and costs of a typical start-up business, and are provided immediate name recognition and access to resources, systems, and support that help them attain success.

10. Additionally, Mr. Rooter offers its franchisees access to, and use of, a number of valuable and proprietary resources, databases, programs, and materials, all of which combine to make up the Mr. Rooter System.

**The Franchise Agreement with Defendants**

11. On July 1, 2014, Defendant MTCH entered into a franchise agreement with Mr. Rooter for the operation of a plumbing business, for a term of ten years (hereinafter the "Franchise Agreement"). See Exhibit A. The franchise operates under the name "Mr. Rooter Plumbing of Montgomery & Chester County." Defendant Michael Horn personally guaranteed the Franchise Agreement. Defendants Michael Horn also signed a Confidentiality Agreement where he agreed "to be bound by the provisions of the Franchise Agreement related to confidentiality and protection of trade secrets, including but not limited to Sections 9.2. and 9.3. of the Franchise Agreement, the same as if a party to the Franchise Agreement." Franchise Agreement, Exhibit 7.

12. Pursuant to Section 2.1.1 of the Franchise Agreement, Defendants were granted a license to use Mr. Rooter's Marks and System only in connection with the franchised business.

13. Pursuant to Section 5.1 of the Franchise Agreement, Defendants agreed to "not engage in any business activity which would be detrimental to or interfere with the operation, reputation or goodwill of the Franchised Business, Franchisor, Franchisor's System, or any other franchisee."

14. Section 5.11 of the Franchise Agreement permits Mr. Rooter, *inter alia*, to examine and inspect Defendants' books and records and to inspect the business premises.

15. Section 5.12 of the Franchise Agreement requires Defendants to submit to an audit consisting of a review or examination of Defendants' business records for the purposes of determining Defendants' compliance with the Franchise Agreement.

16. Defendants agreed, pursuant to Section 6.3 of the Franchise Agreement to "use only the authorized trade name . . . .in all advertising and public presentations, including but not limited to business cards, letterheads and invoices." Further, Defendants agreed not to use the Marks for the benefit of any business other than the Franchised Business.

17. Section 9.3.1.1 of the Franchise Agreement sets forth Defendants' obligation not to compete:

> Franchisee shall not, directly or indirectly, as a proprietor, partner, investor, shareholder, member, director, officer, employer, employee, principal, agent, advisor, franchisor, franchisee or in any other individual or representative capacity or otherwise during the term of this Agreement and any extensions thereof, . . . engage in or participate in or derive any benefit from a Competitive Business which is located in the United States, its territories or commonwealths, or any other country, province, state or geographic area in which Franchisor has used, sought registration or registered the Marks or similar marks or operates or licenses others to operate a business under the Marks or similar marks.

*See* Exhibit A.

18. Additionally, pursuant to Section 9.3.1.5 Defendant shall not "divert, attempt to divert, solicit, or endeavor to obtain any customer, account or business from Franchisor or any other franchisee." Section 7 of the Confidentiality Agreement provided that Defendant Michael Horn agreed "to be bound by the provisions of the Franchise Agreement related to confidentiality and protection of trade secrets, including but not limited to Sections 9.2. and 9.3. of the Franchise Agreement, the same as if a party to the Franchise Agreement."

19. Notwithstanding these agreements, as set forth in greater detail below, Defendants are actively competing against Mr. Rooter and unlawfully utilizing Mr. Rooter's federally protected trademarks to benefit a competing business even though they are active franchisees of Mr. Rooter.

**Defendants' Defaults Under the Franchise Agreement**

20.     Since 2014, Defendants have enjoyed the benefits of operating a Mr. Rooter franchise, including using Mr. Rooter's trademarks, goodwill, reputation, and system, to generate a customer base, and realize substantial revenue.

21.     In January 2019, Mr. Rooter notified Defendants that, pursuant to sections 5.11 and 5.12 of the Franchise Agreement, their franchise had been chosen for a compliance audit. To date, Defendants have refused to comply with their obligations under the Franchise Agreement and submit to an audit or inspection.

22.     Further, Plaintiff has discovered that Defendants have been and continue to operate a plumbing service business that directly competes with the Mr. Rooter franchise, using the name "MTCH Service Experts Corp." Defendants have been operating a website for the competing business at https://www.mtchservices.biz.  The website contains "testimonials" that mention Mr. Rooter and the page directs readers to "go to Mr. Rooter of Montgomery and Chester Counties to read more like these."





23. Additionally, Defendants have been operating a website for the competing business at http://mtchplumbing.com using the Mr. Rooter Marks, without Mr. Rooter's permission and in violation of the Franchise Agreement:





24. Defendants are also advertising the competing business on third-party websites, using the Mr. Rooter Marks:



**Plaintiff's Original Complaint** Page **8** of **17**

25. Further, Defendants are currently using the same telephone number for both the Mr. Rooter business and the competing business.

26. Upon information and belief, Defendants maintain at least one service van identified with the name "MTCH Plumbing" and bearing the same telephone number as the Mr. Rooter business.

27. Mr. Rooter has never authorized Defendants to operate a competing business during the term of the Franchise Agreement. Mr. Rooter would never do so: Defendants are operating a competitor of Mr. Rooter. It offers essentially the same plumbing services, operates in the same territory that Defendants operate their Mr. Rooter franchise and, upon information and belief, uses Mr. Rooter's confidential and proprietary information to service its clients.  Defendants' actions are harmful to consumers and threaten irreparable harm to Mr. Rooter's reputation and the goodwill apparent to its trademarks.

## CAUSES OF ACTION AGAINST DEFENDANTS

### Count I – Federal Unfair Competition

28. Mr. Rooter repeats, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Mr. Rooter owns all right, title and interest in the trademarks, including U.S. Trademark Registration Numbers 0933403, 0982684, 1964249, 3684983, 3733777. These registrations are valid and subsisting and are incontestable within the meaning of 15 U.S.C. § 1605.

30. Defendants have deliberately and willfully traded on Mr. Rooter's longstanding and hard-earned reputation and good-will, including its trademarks, by passing off their products and services as those of Mr. Rooter and by diverting customers seeking Mr. Rooter to their competing business.

31. Defendants divert customers who seek the quality and value promised by the Mr. Rooter brand to the competing business, which may not offer quality and pricing on par with Mr. Rooter standards. Defendants can thereby pass off inferior services and inflated pricing as affiliated with Mr. Rooter, unlawfully appropriating the goodwill associated with the Mr. Rooter business, causing likely and actual customer confusion and irreparably harming Mr. Rooter's reputation in the marketplace.

32. Defendants' conduct as described above has also deprived and will continue to deprive Mr. Rooter of the ability to control the consumer perception of its product and services offered under its trademarks, placing the valuable reputation and goodwill of Mr. Rooter in the hands of Defendants.

33. Defendants' conduct is likely to cause and in fact has caused confusion, mistake and deception as to the affiliation, connection and association of Defendants with Mr. Rooter in violation of the Lanham Act.

34. Defendants had direct and full knowledge of Mr. Rooter's prior use of and rights in its marks. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35. Because of Defendants' conduct, Mr. Rooter has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Mr. Rooter in its trademarks. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**Count II – Unfair Competition**

36. Mr. Rooter repeats, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to Texas law, including through the passing off Defendants' products and services as those of Mr. Rooter and by diverting customers seeking Mr. Rooter to their competing business.

38. Defendants' acts and conduct as alleged have caused Mr. Rooter commercial damage, as well as the continuing loss of goodwill and reputation. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages and constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**Count III – Infringement of Federally Registered Trademarks**

39. Mr. Rooter repeats, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Mr. Rooter owns all right, title and interest in the MR. ROOTER® trademark, including U.S. Trademark Registration No. 933,403 regarding sewer and drain cleaning services. This '403 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1605.

41. Mr. Rooter owns all right, title and interest in the MR. ROOTER (and design) trademark, including U.S. Trademark Registration No. 982,684 relating to sewer and drain cleaning services. This '684 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1605.

42. Mr. Rooter owns all right, title and interest in the MR. ROOTER (stylized) trademark, including U.S. Trademark Registration No. 1,964,249 relating to sewer and drain cleaning services.

This '249 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1605.

43. Mr. Rooter owns all right, title and interest in the MR. ROOTER (stylized) trademark, including U.S. Trademark Registration No. 3,722,155 relating to sewer and drain cleaning services. This '155 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1605.

44. Mr. Rooter owns all right, title and interest in the Mr. Rooter Plumbing (and design) trademark, including U.S. Trademark Registration No. 3,684,983 relating to sewer and drain cleaning services. This '983 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1605.

45. Mr. Rooter owns all right, title and interest in the Mr. Plumbing (and design) trademark, including U.S. Trademark Registration No. 3,733,777 relating to sewer and drain cleaning services. This '777 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1605.

46. Defendants have used Mr. Rooter's '403, '684, '155, '249, '777, '983 marks in a manner that is likely to cause, and in fact has caused, confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with Mr. Rooter.

47. Defendants had both actual and constructive knowledge of the above-referenced trademarks. Defendants adopted, used and continue to use Mr. Rooter's federally registered trademarks with full knowledge that their use was infringing. Defendants' actions constitute knowing, deliverable and willful infringement of Mr. Rooter's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

48. Because of Defendants' infringement, Mr. Rooter has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Mr. Rooter in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**Count IV - Breach of Franchise Agreement (as against Defendant MTCH only)**

49. Mr. Rooter repeats, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

50. As set forth above, Mr. Rooter and the Defendant MTCH entered into the Franchise Agreement whereby Mr. Rooter agreed to provide Defendant with the access and use of its trademarks, business system and proprietary materials and Defendant agreed to certain monetary obligations, as more fully set forth in Exhibit A.

51. Mr. Rooter has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Franchise Agreement.

52. Defendant has breached the Franchise Agreement by, *inter alia*:

   a. operating a competing business in the franchise Territory;

   b. misusing the Mr. Rooter Marks without permission or authorization;

   c. using the Mr. Rooter Marks in association with a competing business;

   d. diverting, attempting to divert, soliciting or endeavoring to obtain any customer account of business from Mr. Rooter;

   e. using Mr. Rooter's trade secrets and other confidential and proprietary information for the benefit of their competing business; and

   f. failing to submit to and cooperate with a franchise inspection or audit.

53. As a result of Defendant's breaches of the Franchise Agreement, Mr. Rooter has suffered substantial monetary damages, in an amount to be determined after a full audit, as well as damage to the continuing goodwill and reputation established by the Mr. Rooter franchise system.

**Count V – Breach of Personal Guaranty (as against Defendant Michael Horn)**

54. Mr. Rooter repeats, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

55. As set forth above, Defendant Michael Horn executed a personal guaranty of the obligations owed by Defendant MTCH under the Franchise Agreement.

56. As set forth above, Defendant Michael Horn has breached the personal guaranty by reason of MTCH's various breaches of the Franchise Agreement set forth herein.

57. As a result of Defendant Michael Horn's breach of the personal guaranty, Mr. Rooter has suffered substantial monetary damages, in an amount to be determined after a full audit, as well as damage to the continuing goodwill and reputation established by the Mr. Rooter franchise system.

**Count VI– Breach of Confidentiality Agreement (as against Defendant Michael Horn)**

58. Mr. Rooter repeats, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

59. As set forth above, Defendant Michael Horn executed a Confidentiality Agreement binding him to the provisions of the Franchise Agreement related to confidentiality and protection of trade secrets, including but not limited to Sections 9.2. and 9.3. of the Franchise Agreement.

60. As set forth above, Defendant Michael Horn has breached the Confidentiality Agreement by reason of MTCH's various breaches of the Franchise Agreement.

61. As a result of Defendant Michael Horn's breach of the Confidentiality Agreement, Mr. Rooter has suffered substantial monetary damages, in an amount to be determined after a full

audit, as well as damage to the continuing goodwill and reputation established by the Mr. Rooter franchise system.

## Count VI - Request for Injunctive Relief

62. Mr. Rooter repeats, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

63. Mr. Rooter seeks a preliminary injunction. Plaintiff will likely suffer irreparable injury if Defendants are not enjoined while this suit is pending. There is no adequate remedy at law. As set forth above, given Defendants' conduct and blatant violations of the Franchise Agreement and the noncompetition agreement therein, there is a substantial likelihood that Mr. Rooter will prevail on the merits. The harm faced by Mr. Rooter outweighs any harm that would be sustained by Defendants if the preliminary injunction were not granted. Issuance of a preliminary injunction would not adversely affect the public interest. Mr. Rooter is willing to post a bond in the amount the Court deems appropriate.

64. Mr. Rooter seeks a permanent injunction. Mr. Rooter asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## PRAYER FOR RELIEF

FOR THESE REASONS, Mr. Rooter prays for an Order and Judgment as follows:

1. Entry of an order on a permanent basis requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined and restrained from:

   (a) Using in any manner any Mr. Rooter trademark, or any name, mark or domain name that wholly incorporates the trademarks described herein, or is confusingly similar to or a colorable imitation of these marks, in connection with any goods, services or business other than the Franchised Business;

 (b) Using or displaying the word "Mr. Rooter" on any websites, products or promotional materials in any false and/or deceptive manner;

 (c) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Mr. Rooter products or services; and,

 (d) Engaging in any further acts of infringement, or any other unlawful conduct, as alleged herein.

 2. Entry of an order, on a permanent basis, requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from engaging in, participating in, or deriving any benefit from any business that competes with the Mr. Rooter franchise business and from diverting or soliciting any customer, account or business from the Mr. Rooter franchise business to any competing business;

 3. Entry of an order directing Defendants to immediately submit to an inspection and/or audit of the franchise books and records;

 4. Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve within 30 days after entry of the injunction, a written report under oath describing in detail the manner and forming which Defendants have complied with the injunction, including ceasing all offering of services as a competing business;

 5. Ordering Defendants to pay a judgment in the amount of Mr. Rooter's actual damages under 15 U.S.C. § 1117 and state law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

 6. Ordering Defendants to pay Mr. Rooter's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or state law;

 7. Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate;

Case 6:19-cv-00042   Document 1   Filed 02/07/19   Page 17 of 17

8. Granting Mr. Rooter such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jim Dunnam
JIM DUNNAM
State Bar No. 06258010
ANDREA MEHTA
State Bar No. 24078992
DUNNAM & DUNNAM LLP
4125 West Waco Drive
Waco, Texas 76714-8418
Telephone (254) 753-6437
Facsimile (254) 753-7434
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com

**ATTORNEYS FOR PLAINTIFF**